961 F.2d 1457
 Randy GREENAWALT, Petitioner-Appellee,
v.
James R. RICKETTS, Director, Arizona DOC; Donald
Wawrzaszek, Superintendent, ASP; Robert K.
Corbin, Attorney General, State of
Arizona, Respondents-Appellants.
 Nos. 88-1828, 88-1910.
 United States Court of Appeals,
Ninth Circuit.
 April 23, 1992.
 
 Before: WALLACE, Chief Judge, ALARCON and WIGGINS, Circuit Judges.
 
 
 1
 The panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 2
 The full court has been advised of the suggestion for rehearing en banc. An active judge called for an en banc vote, and a majority of the judges of the court has voted to reject the suggestion for rehearing en banc. Fed.R.App.P. 35(b).
 
 
 3
 The petition for rehearing is denied, and the suggestion for rehearing en banc is rejected.
 
 
 4
 SCHROEDER, Circuit Judge, dissenting from Denial of Rehearing En Banc:
 
 
 5
 RE: Greenawalt v. Ricketts, Nos. 88-1828/1910, decided August 22, 1991 and published at 943 F.2d 1020 (9th Cir.1991).
 
 
 6
 I respectfully dissent from our court's decision not to hear this case en banc. Such a rehearing would have enabled us to reconsider the panel's decision in the light of the very recent Supreme Court decision in Stringer v. Black, --- U.S. ----, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992). The Supreme Court's decision, unfortunately, came down too late in our en banc process for our judges adequately to consider the effect that decision should have on this case.
 
 
 7
 REINHARDT, Circuit Judge, dissenting from denial of rehearing en banc:
 
 
 8
 Once again, a death row habeas petition is denied solely on the basis of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Once again, the courts uphold a death sentence following an unconstitutional conviction on the ground that the Supreme Court did not recognize that the type of state conduct involved was unconstitutional until too late. This time, a panel of our court applies Teague in a case in which it is neither necessary nor proper to do so: it construes the Teague rule--a rule that (at least when applied to capital cases) offends the sensibilities of most serious students of the law--in a manner that is not only niggardly and illiberal but, more to the point, is clearly wrong. As a result, once again a man convicted by unconstitutional means is likely to die at the hands of the state--here, for two reasons: first, because three judges of this court misconceive a harsh procedural rule that, even when properly construed, fails to afford the full measure of constitutional protection to those whom the state would execute, and, second, because a majority of this court is unwilling to afford Greenawalt an en banc hearing on a compelling and valid constitutional argument that renders his conviction unlawful and mandates that his sentence of death be set aside.
 
 
 9
 When the Arizona police interrogated Greenawalt, he repeatedly requested counsel. Although the interrogation was halted to allow him to confer with an attorney, the police resumed interrogating him soon afterwards. This court, as well as others, has consistently stated that further interrogation of a prisoner once he has invoked his right to counsel violates Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). See, e.g., Smith v. Endall, 860 F.2d 1528, 1529 (9th Cir.1988) ("Not only must all questioning stop when a suspect expresses his desire for counsel, but questioning can be resumed only if the suspect himself initiates further communication."), cert. denied, --- U.S. ----, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990); Neuschafer v. Whitley, 816 F.2d 1390, 1391 (9th Cir.1987) ("Edwards bars the use of any confession obtained after the suspect has requested a lawyer, unless the suspect himself initiates further communication.").[1] In these cases, we did not suggest that we were in any way extending Edwards or broadening the right it recognized; rather, we were merely restating its clear holding. The Arizona courts interpreted Edwards no differently. See, e.g., Arizona v. Emery, 131 Ariz. 493, 497-98, 642 P.2d 838, 842-43 (1982) ("[O]nce an accused has requested counsel, the police may not interrogate him unless he initiates the conversation." (citing Edwards )). Under Edwards, therefore, Greenawalt's conviction was unquestionably obtained in violation of his constitutional rights.
 
 
 10
 In Minnick v. Mississippi, --- U.S. ----, 111 S.Ct. 486, 112 L.Ed.2d 489 (1990), the state unsuccessfully attempted to carve out an exception to Edwards. Mississippi argued that its officers should be free to resume interrogating incarcerated defendants after the defendants had consulted with their lawyers--in other words, to do precisely what occurred here. The adoption by the Court of the exception proposed by Mississippi might have rendered (retroactively) Arizona's actions in Greenawalt's case lawful. However, the Supreme Court emphatically rejected Mississippi's arguments, declaring that Edwards itself, as well as Miranda, precluded the creation of any such exception. The Court stated that "[t]he exception to Edwards here proposed is inconsistent with Edwards' purpose to protect the suspect's right to have counsel present at custodial interrogation," id. 111 S.Ct. at 491, that the proposed exception "is inconsistent as well with Miranda, where we specifically rejected respondent's theory that the opportunity to consult with one's attorney would substantially counteract the compulsion created by custodial interrogation," id., and finally that "[t]he exception proposed, furthermore, would undermine the advantages flowing from Edwards' 'clear and unequivocal' character," id. 111 S.Ct. at 491-92.
 
 
 11
 There is, of course, no dispute over the fact that Edwards is applicable here, see Greenawalt v. Ricketts, 784 F.2d 1453, 1456-57 (9th Cir.), cert. denied, 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986). Greenawalt's conviction was upheld by the Arizona courts for one reason alone--because Edwards was not handed down until after the state courts had considered his case. Nevertheless, because Edwards was decided before the Supreme Court denied review, it is controlling. See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).
 
 
 12
 Why then does the panel uphold Greenawalt's conviction? The answer, oddly, appears to be--because some other courts, though not the Arizona courts or the Ninth Circuit, made a legal error. Specifically, the panel found that, prior to Minnick, the Fifth and Sixth Circuits as well as Mississippi sought to carve out the exception to Edwards which the Supreme Court squarely rejected, and that their attempt, though undeniably erroneous, was "neither illogical nor grudging." 943 F.2d at 1025. According to the panel, this fact alone makes the rule in Edwards unclear, converts the Supreme Court's rejection of the Minnick exception into the adoption of a new rule (despite the clear language to the contrary in the opinion), and is sufficient under Teague to prevent a federal court from granting Greenawalt relief for the constitutional violation that tainted his conviction. The panel is wrong. Neither Teague nor any subsequent decision converts the Court's rejection of a proposed exception to a "clear and unequivocal" rule into the adoption of new law.
 
 
 13
 The panel's error in prohibiting Greenawalt from invoking his constitutional rights is particularly egregious in light of the procedural history of this case. Teague holds that a federal court exercising habeas review should defer to "reasonable, good-faith interpretations of existing precedents made by state courts." Butler v. McKellar, 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990). Here, however, the Arizona courts did not make the error made by Mississippi and the Fifth and Sixth Circuits--the error of attempting to create an exception to Edwards. Arizona's error was entirely different. It did not apply Edwards at all. Understandable as Arizona's actual error may be, it is not one to which we may defer. Rather, because Edwards was decided before Greenawalt's direct appeal was final, Arizona's error must be corrected on habeas. See Griffith, 479 U.S. 314, 107 S.Ct. 708. In short, because the error Arizona made was not to apply Edwards itself, under the principles which govern the application of new constitutional decisions the conviction and sentence must be overturned and Greenawalt granted a new trial.
 
 
 14
 The panel avoids this constitutional requirement and clears the way for Greenawalt's execution by analyzing the wrong error. The panel treats Greenawalt as if Arizona had carved out an unwarranted exception to Edwards, and holds that that error cannot serve as the basis for reversal. No conceivable interest in affording respect to the actions of state courts or in any other aspect of federal-state comity warrants deference to an error that the state did not make. The method of analysis employed by the panel is both wholly unprecedented and patently erroneous; it serves only to surround the constitutional rights of death row inmates with the most formidable barriers imaginable, to make it as difficult as possible for prisoners ever to vindicate their fundamental rights, and to diminish the writ of habeas corpus to its most meager proportions.[2]
 
 
 15
 Unfortunately, it is not just the three-judge panel that has erred in this case; the full court has also failed in the performance of its duties. For, while I believe the panel's decision affirming Greenawalt's death sentence is clearly wrong, it should be apparent to all of us that, at the least, the decision raises serious constitutional questions; certainly, no-one could reasonably claim that the panel's decision is clearly correct. In my view, the state should not be permitted to deprive an individual of his life on the basis of a constitutionally dubious decision by three judges of this court. As circuit court judges, all 28 of us share the penultimate responsibility of ensuring that the government does not take the life of one of its citizens unlawfully. I believe that in cases in which a majority of the full court, upon further study, might reasonably conclude that a death sentence is unconstitutional, we have an obligation to undertake that study. See Harris v. Vasquez, 949 F.2d 1497, 1545 (9th Cir.1991) (Reinhardt, J., dissenting from denial of rehearing en banc). Our refusal to afford en banc review of the three-judge panel's decision in this case is, in my opinion, a violation of our most fundamental duty. Accordingly, I dissent.
 
 
 
 [1]
 See also, e.g., United States ex rel. Espinoza v. Fairman, 813 F.2d 117, 126-27 (7th Cir.) ("Because Espinoza invoked his Fifth Amendment right to counsel at his arraignment, the state's attorney was barred, under Edwards, from initiating any interrogation while Espinoza remained in continuous custody." (footnote omitted)), cert. denied, 483 U.S. 1010, 107 S.Ct. 3240, 97 L.Ed.2d 745 (1987)
 
 
 [2]
 All of the above, I should note, is without regard to the fact, as Judge Schroeder points out, that the panel's decision may well be contrary to the Supreme Court's recent decision in Stringer v. Black, --- U.S. ----, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992) and should, at the least, have been reconsidered by the panel in light of that ruling